1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Sean Pak (Bar No. 219032 (CA))
2  seanpak@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   (415) 875-6600
4  (415) 875-6700 (facsimile)

5  Attorneys for Plaintiff GOOGLE INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 GOOGLE INC.,

11         Plaintiff,                    CASE NO. _____

12     vs.                               **COMPLAINT FOR DECLARATORY
                                         JUDGMENT OF NON-INFRINGEMENT
13 IXI MOBILE (R&D), LTD., and           OF U.S. PATENT NO. 7,552,124**
   IXI IP, LLC,
14                                       **DEMAND FOR JURY TRIAL**

15         Defendants.                   **REDACTED VERSION OF DOCUMENT
                                         SOUGHT TO BE SEALED**
16

17     Plaintiff Google Inc. ("Google") seeks a declaratory judgment of non-infringement of

18 United States Patent No. 7,552,124 as follows:

19

20

21

22

23

24

25

26

27

28

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiff Google Inc. ("Google") requests this relief because Defendants IXI Mobile (R&D), Ltd. and IXI IP, LLC (collectively, "IXI") have filed four lawsuits claiming that Google's customers and partners infringe United States Patent No. 7,552,124 (the "'124 patent") by making, using, selling, offering for sale, or importing "mobile devices with . . . Google Now, Google Search, and Google Voice Search" products and services which are developed by Google. IXI's litigation campaign has placed a cloud on these Google products and services; has accused Google's customers and partners of infringing products and services distributed by Google; and has created a justiciable controversy between Google and IXI.

**THE PARTIES**

2. Google is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google's mission is to organize the world's information and make it universally accessible and useful. As part of that mission, Google has provided and provides search products and services, including Google Now, Google Search, and Google Voice Search, available on mobile devices. Google also has sold and sells certain Nexus mobile devices on which search products and services including Google Now, Google Search, and Google Voice Search are available or installed.

3. On information and belief, Defendant IXI Mobile (R&D) Ltd. ("IXI Mobile (R&D)"), formerly known as IXI Mobile (Israel) Ltd., is a company incorporated and registered under the laws of Israel with a registered address of 11 Moshe Levi Street Rishon Lezion 75658, Israel. IXI Mobile (R&D) is a subsidiary of IXI Mobile, Inc. On information and belief, at the time the '124 patent was prosecuted, until at least 2007, IXI Mobile Inc. and its subsidiary IXI Mobile (R&D) were based in Belmont, California. A true and correct copy of IXI Mobile Inc.'s Corporate Structure Tree obtained from S&P Capital IQ, showing the location of IXI Mobile Inc.'s headquarters in Belmont, California is attached hereto as Exhibit A. IXI Mobile (R&D)

1  alleges that it previously owned the '124 patent, and that it now has an exclusive license to the
2  '124 patent.
3      4.   On information and belief, Defendant IXI IP LLC ("IXI IP") is a New York limited
4  liability company with its principle place of business located at 825 Third Avenue, 2nd Floor, New
5  York, New York 10022 and with a registered address of 1218 Central Avenue, Suite 100, Albany,
6  NY 12205.  IXI IP alleges that it is the owner of the '124 patent and has exclusively licensed the
7  '124 patent to IXI Mobile (R&D).  On information and belief, IXI IP is a patent licensing entity
8  formed in April 2014 that produces no products, and instead exists solely to assert IXI's patents.

## JURISDICTIONAL STATEMENT

10     5.   This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and
11 under the patent laws of the United States, 35 U.S.C. §§ 1-390.
12     6.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331,
13 1338(a), and 2201(a).
14     7.   This Court has personal jurisdiction over the IXI Defendants.  Among other things,
15 on information and belief, relevant IXI entities were previously headquartered in this District and
16 were subsidiaries of a California company.  Specifically, on information and belief, IXI Mobile,
17 Inc. was founded in 2000 and was headquartered in Redwood City or in Belmont, California, both
18 of which are within this District.  On information and belief, Defendant IXI Mobile (R&D), the
19 alleged former owner and current exclusive licensee of the '124 patent, was a subsidiary of IXI
20 Mobile, Inc., and was also located in Redwood City or in Belmont, California, within this district,
21 until at least 2007.  On information and belief, during the time in which it was headquartered in
22 California, IXI Mobile Inc. and its subsidiary IXI Mobile (R&D) designed, developed, and
23 commercialized products, including the IXI Ogo family of mobile devices.
24     8.   This Court also has personal jurisdiction over the IXI Defendants because the IXI
25 Defendants have purposefully directed into California licensing and enforcement activities
26 regarding its patents, including the '124 patent.  IXI retained agents in California to secure the
27 '124 patent.  The '124 patent was prosecuted by a California attorney working at a California law
28 firm:  Farshad Jason Farhadian, of Century IP Law Group, located in Newport Beach, California.

1  IXI has also previously litigated and is currently litigating offensive claims for infringement of at
2  least four of its patents in this District, including in *IXI Mobile (R&D) Ltd. et al. v. Blackberry
3  Limited et al.*, No. 3:2015-cv-03754; *IXI Mobile (R&D) Ltd. et al v. Lenovo Group Limited et al.*,
4  No. 3:2015-cv-05439; *IXI Mobile (R&D) Ltd. et al v. LG Corporation et al.*, No. 3:2015-cv-
5  05442; *IXI Mobile (R&D) Ltd. et al v. Samsung Electronics Co., Ltd. et al.*, No. 3:2015-cv-03752;
6  and *IXI Mobile (R&D) Ltd. et al v. Apple, Inc.*, No. 3:2015-cv-03755.   Each of these actions was
7  transferred to this District as the most appropriate forum to determine IXI's patent rights.   *IXI
8  Mobile (R&D) Ltd. v. Samsung Electronics Co., Ltd.*, No. 1:14-cv-04355-RJS, 2015 WL 4720293
9  (S.D.N.Y. Aug. 6, 2015).   In those cases, IXI admitted that "[t]here's absolutely no dispute" that
10  the Northern District of California would be an appropriate venue for IXI's patent litigation.   *Id.*
11  at *2.   IXI also previously initiated litigation asserting offensive claims for infringement of
12  another of its patents in this District *in IXI Mobile (R&D) Ltd. et al. v. Lenovo Group Ltd. et al.*,
13  No. 3:15-cv-05439-HSG; and *IXI Mobile (R&D) Ltd., et al. v. LG Corp. et al.*, No. 3:15-cv-5442-
14  HSG.   Accordingly, IXI has purposefully availed itself of the jurisdiction of the Northern District
15  of California, and has submitted to the jurisdiction of this Court.

16       9.    IXI's purposeful efforts to enforce and license its patents in California include

[Lines 17-28 redacted]

-3-
COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

[Paragraphs 1-6 redacted]

10. This Court also has personal jurisdiction over IXI because IXI has continuous and systematic business contacts with California. As set forth in Paragraphs 7-9 above, IXI purposefully directs licensing and enforcement efforts relating to its patent portfolio into California and against California companies. IXI has litigated and is currently litigating offensive claims for infringement of its patents in this District against Apple, a California company, as well as Blackberry, Lenovo, LG, and Samsung, and also has previously initiated litigation asserting offensive claims for infringement of its patents in this District against Lenovo and LG. *See IXI Mobile (R&D) Ltd. et al. v. Blackberry Limited et al.*, No. 3:2015-cv-03754; *IXI Mobile (R&D) Ltd. et al v. Lenovo Group Limited et al.*, No. 3:2015-cv-05439; *IXI Mobile (R&D) Ltd. et al v. LG Corporation et al.*, No. 3:2015-cv-05442; *IXI Mobile (R&D) Ltd. et al v. Samsung Electronics Co., Ltd. et al.*, No. 3:2015-cv-03752; and *IXI Mobile (R&D) Ltd. et al v. Apple, Inc.*, No. 3:2015-cv-03755; *IXI Mobile (R&D) Ltd. et al. v. Lenovo Group Ltd. et al.*, No. 3:15-cv-05439-HSG; and *IXI Mobile (R&D) Ltd., et al. v. LG Corp. et al.*, No. 3:15-cv-5442-HSG. IXI has also purposefully directed licensing and acquisition efforts relating to its patent portfolio into California, [remainder redacted]

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because a substantial part of the events giving rise to Google's claim occurred in this District, and because IXI Mobile (R&D) and IXI IP are subject to personal jurisdiction here.

12. An immediate, real, and justiciable controversy exists between Google and IXI as to whether Google is infringing or has infringed the '124 patent.

### INTRADISTRICT ASSIGNMENT

13. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

### IXI'S CAMPAIGN AGAINST GOOGLE

14. IXI has asserted the '124 patent against customers and partners of Google who make available the Google Now, Google Search, and Google Voice Search products and services in their mobile devices, including HTC, Blackberry, Samsung, and ZTE (the "Google Search Defendants").

15. On November 25, 2015, IXI brought patent infringement actions against HTC, Blackberry, Samsung, and ZTE in the Marshall Division of the United States District Court for the Eastern District of Texas. *See IXI Mobile (R&D) Ltd. v. Blackberry Ltd.*, No. 2:15-CV-01883 (E.D. Tex. filed Nov. 25, 2015); *IXI Mobile (R&D) Ltd. v. HTC Corp.*, No. 2:15-CV-01884 (E.D. Tex. filed Nov. 25, 2015); *IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:15-CV-01885 (E.D. Tex. filed Nov. 25, 2015); and *IXI Mobile (R&D) Ltd. v. ZTE Corp.*, No. 2:15-CV-01886 (E.D. Tex. filed Nov. 25, 2015) (collectively, the "Google Search Actions").

16. In the Google Search Actions, IXI alleges that each Google Search Defendant infringes the '124 patent by making, using, selling, offering for sale, or importing "mobile devices with . . . Google Now, Google Search, Google Voice Search, and/or reasonably similar software" and "Servers" including "Google Now, Google Search, and Google Voice Search Servers" (the "Google Search Products"). Ex. C (IXI's 5/20/2016 Supplemental Disclosure of Asserted Claims and Infringement Contentions) pp. 2-4. IXI has further asserted patent infringement by certain Nexus mobile devices offered for sale by Google and manufactured by the Google Search Defendants, including the Galaxy Nexus, a mobile device offered for sale by Google and manufactured by Samsung (the "Nexus Devices"). Ex. F (Appx. C to IXI's 5/20/2016 Supplemental Disclosure of Asserted Claims and Infringement Contentions) p. 1 n.2.

17. Should IXI prevail on its infringement claims in the Google Search Actions, Google would suffer harm. For all these reasons, an actual controversy exists between Google and IXI regarding the alleged infringement of any claim of the '124 patent.

## **GOOGLE DOES NOT INFRINGE THE PATENT IN SUIT**

18. The Google Search Products and Nexus Devices do not directly or indirectly infringe any claim of the '124 patent, whether literally or under the doctrine of equivalents.

19. No third party infringes any claim of the '124 patent by using the Google Search Products. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. The Google Search Products are not designed for use in any combination which infringes any claim of the '124 patent. To the contrary, each has substantial uses that do not infringe any claim of the '124 patent.

## **FIRST COUNT**
### **(Declaration of Non-infringement of the '124 Patent)**

20. Google restates and incorporates by reference the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. IXI IP claims to own all rights, title, and interest in and under the '124 patent. IXI Mobile (R&D) claims to be the exclusive licensee of the '124 patent. A true and correct copy of the '124 patent is attached hereto as Exhibit B.

22. In the Google Search Actions, IXI accuses the Google Search Defendants of infringing the '124 patent by "making, using, offering for sale, importing into the United States, and/or encouraging the manufacture, use, and sale of" devices incorporating the Google Search Products, including Nexus Devices.

23. Google does not directly or indirectly infringe the '124 patent, either literally or under the doctrine of equivalents, at least because the Google Search Products do not: (1) receive a high-level code comprising one or more key-words, wherein the high-level code is provided by a user of a mobile communication device to control the operation of the mobile communication device without having to select from menu items provided by an operating system running on the mobile communication device; (2) parse the high-level code for the keywords to recognize the operative language associated with controlling one or more operations of the mobile communication device; (3) determine at least one operation associated with the operative language; (4) determine whether high-level code comprises keywords defining one or more

1  relationships and conditions corresponding to the operative language; (5) produce an executable
2  code that can be executed by a microcontroller of the mobile communication device to perform the
3  respective operation associated with the operative language; (6) determine level of complexity and
4  implementation of the high-level code; and (7) designate an application software to process the
5  high level code, (8) wherein the high-level code comprises at least one sentence formatted in
6  accordance with a first context, (9) wherein the high-level code is processed by a natural language
7  compiler comprised of one or more modules executed on one or more independent computing
8  systems, depending on the level of complexity and the implementation of the high-level code, (10)
9  wherein the application software is executed on a distributed environment comprising the mobile
10 communication device and a network server connected to the mobile communication device, and
11 the application software performs the parsing and determining steps depending on
12 implementation, and (11) wherein when the high-level code comprises a complex structure the
13 parsing and determining steps are performed by application software executed on a network server
14 connected to the mobile communication device and when the high-level code comprises a less
15 complex structure the parsing and determining steps are performed by application software
16 executed on the mobile communication device.   Similarly, the Google Search Products do not
17 comprise: (1) means for receiving a high-level code comprising one or more keywords, wherein
18 the high-level code is provided by a user of a mobile communication device to control the
19 operation of the mobile communication device without having to select from menu items provided
20 by an operating system running on the mobile communication device; (2) means for parsing the
21 high-level code for the keywords to recognize the operative language associated with controlling
22 one or more operations of the mobile communication device; (3) means for determining at least
23 one operation associated with the operative language; (4) means for determining whether high-
24 level code comprises keywords defining one or more relationships and conditions corresponding
25 to the operative language; and (5) means for producing an executable code that can be executed by
26 a microcontroller of the mobile communication device to perform the respective operation
27 associated with the operative language, (6) means for determining level of complexity and
28 implementation of the high-level code; or (7) means for designation an application software to

process the high-level code (8) wherein the high-level code comprises at least one sentence formatted in accordance with a first context, (9) wherein the high-level code is processed by a natural language compiler comprised of one or more modules executed on one or more independent computing systems, depending on the level of complexity and the implementation of the high-level code, (10) wherein application software is executed on a distributed environment comprising the mobile communication device and a network server connected to the mobile communication device, and the application software performs the parsing and determining steps depending on implementation, and (11) wherein when the high-level code comprises an complex structure the parsing and determining steps are performed by application software executed on a network server connected to the mobile communication device and when the high-level code comprises a less complex structure the parsing and determining steps are performed by application software executed on the mobile communication device.   IXI's infringement contentions in the Google Search Actions fail to demonstrate any basis to conclude that these limitations are met. *See* Exs. D-G (Appx. A-D to IXI's 5/20/2016 Supplemental Disclosure of Asserted Claims and Infringement Contentions).

24.   A substantial, immediate, and real controversy therefore exists between Google and IXI regarding whether the Google Search Products allegedly infringe the '124 patent.   A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '124 patent.

25.   Google seeks a judgment declaring that the Google Search Products do not directly or indirectly infringe any claim of the '124 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

A.   Declaring that the Google Search Products do not infringe the '124 patent;

B.   Declaring that judgment be entered in favor of Google and against IXI on Google's claim;

C.   Finding that this is an exceptional case under 35 U.S.C. § 285;

D.   Awarding Google its costs and attorneys' fees in connection with this action; and

E. Granting Google such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

Google hereby demands a jury trial on all issues and claims so triable.

DATED: July 25, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/Sean S. Pak
Sean S. Pak
*Attorneys for Google Inc.*

-9-
COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT