1
2  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
3  Jennifer S. Coleman, Bar No. 213210
   jcoleman@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA 95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
9  Facsimile:    (408) 998-4790

10 Attorneys for Defendants
   IXI MOBILE (R&D) LTD., and IXI IP, LLC

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15 | GOOGLE INC., | CASE NO. 5:16-cv-04173-LHK |
   | | |
16 | Plaintiff, | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER VENUE** |
17 | v. | |
   | IXI MOBILE (R&D), LTD., and IXI IP, LLC, | Date:       November 17, 2016 |
18 | | Time:       1:30 PM |
   | Defendants. | Judge:      Hon. Lucy H. Ko |
19 | | Place:      Courtroom 8, 4th floor |
20 | | |
   | | Action Filed:   July 25, 2016 |
21 | | Trial Date:     None |

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

626\1364897.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.    BACKGROUND ................................................................................... 2

     A.    The IXI Defendants. ............................................................... 2

     B.    The E.D. Texas Actions. ........................................................ 2

     C.    The Google Action. ............................................................... 3

III.    ARGUMENT ....................................................................................... 4

     A.    The Court Does Not Have Personal Jurisdiction Over The IXI Defendants. ......... 4

         1.    The Standard. ................................................................ 4

         2.    General Jurisdiction Does Not Exist. ............................ 5

         3.    Specific Jurisdiction Does Not Exist. ........................... 8

             a.    Prior patent infringement actions in California related to different patents do not establish jurisdiction. ............................... 9

             b.    Efforts to license IXI patents do not establish jurisdiction. .......... 10

             c.    Retaining a Los Angeles based attorney to file the patent application does not establish jurisdiction. ................................... 12

     B.    Alternatively, This Case Should Be Transferred To The Eastern District Of Texas. ......... 12

         1.    Federal Circuit Precedent Dictates that this Case be Transferred to the Jurisdiction where Google's Customers were First Sued. ................. 12

         2.    The Convenience Factors Weight in Favor of Transfer to Texas. ........... 14

             a.    Interests of justice / the differences in the costs of litigation in the two forums. ................................... 15

             b.    Convenience to the witnesses. ...................................... 16

             c.    Convenience of the parties. ......................................... 17

             d.    Plaintiff's choice of forum. ......................................... 17

             e.    Location where relevant agreements negotiated and executed. ................................................. 18

             f.    The respective parties' contacts with the forum ............... 18

IV.    CONCLUSION .................................................................................. 18

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

- i -

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER VENUE      5:16-CV-04173-LHK

1

## TABLE OF AUTHORITIES

2

**Page**

3

4

### CASES

5
*Amazon.com, Inc. v. Straight Path IP Grp. Inc.*,
  No. 5:14-CV-04561-EJD, 2015 WL 3486494 (N.D. Cal. May 28, 2015)... 13, 14, 15, 16, 17, 18

6
*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)..................................................................................... 9, 11

7
*Avocent Huntsville Corp. v. Aten Intern. Co.*,
  552 F.3d 1324 (Fed. Cir. 2008)........................................................................ 8, 9, 10, 11

8
*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994)................................................................................................ 5

9

10
*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008)............................................................................................... 4

11
*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006)........................................................................................... 11

12
*Continental Grain Co. v. Barge F.B.L.*,
  364 U.S. 19 (1960).............................................................................................................. 14

13

14
*Ctr. for Biological Diversity v. Kempthorne*,
  No. 08–1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043, at *2 (N.D. Cal. Oct.
  10, 2008) ............................................................................................................................. 15

15
*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014)........................................................................................................ 5, 7

16

17
*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
  297 F.3d 1343 (Fed. Cir. 2002)............................................................................................. 5

18
*Elecs. for Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (9th Cir. 2003)........................................................................................... 4, 8

19
*Futurewei Techs., Inc. v. Acacia Research Corp.*,
  737 F.3d 704 (Fed. Cir. 2013)............................................................................................. 13

20
*Glaxo Grp. Ltd. v. Genentech, Inc.*,
  No. C 10-00675-JSW, 2010 WL 1445666, at *3 (N.D. Cal. Apr. 12, 2010)........................... 15

21
*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S.Ct. 2846 (2011).................................................................................................... 5, 6

22

23
*Google Inc. v. Rockstar Consortium U.S. LP.*,
  No. 13-CV-5933-CW, 2014 WL 1571807, at *5 (N.D. Cal. Apr. 17, 2014) ........................... 7

24
*Hansell v. TracFone Wireless, Inc.*,
  No. C-13-3440-EMC, 2013 WL 6155618, at *3 (N.D. Cal. Nov. 22, 2013) ........................... 16

25
*Hildebrand v. Steck Mfg.*,
  279 F.3d 1351 (Fed. Cir. 2002)........................................................................................... 11

26
*Hoefer v. U.S. Dep't of Commerce*,
  No. C 00 0918 VRW, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000) ..................... 16, 17

27

28
*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001)............................................................................................. 5

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN
THE ALTERNATIVE, TRANSFER VENUE                                    5:16-CV-04173-LHK

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ..................................................................................................... 5

*IXI Mobile (R&D) Ltd. v. Samsung Electronics Co., Ltd.*,
No. 1:14-CV-04355-RJS, 2015 WL 4720293 (S.D.N.Y. Aug. 6, 2015) .................................. 10

Jarvis v. Marietta Corp.,
No. C 98–4951, 1999 WL 638231 MJJ, at *4 (N.D.Cal. Aug. 12, 1999) ............................... 17

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000)..................................................................................... 14, 18

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012) .................................................................................. 13

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014)....................................................................... 13, 14, 16, 17

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982).......................................................................................... 15

*Perkins v. Benguet Consol. Min. Co.*,
342 U.S. 437, 72 S.Ct. 413 (1952) .................................................................................. 6

*Radio Sys. Corp. v. Accession, Inc.*,
638 F.3d 785 (Fed. Cir. 2011)..................................................................................... 8, 9

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915, 193 L. Ed. 2d 793 (2016) ......... 6, 7

*Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*,
148 F.3d 1355 (Fed. Cir. 1998)............................................................................. 8, 10, 11

*Silent Drive, Inc. v. Strong Indus., Inc.*,
326 F.3d 1194 (Fed. Cir. 2003)..................................................................................... 10

*Square, Inc. v. Morales*,
No. 13–CV–1431–SBA, 2013 WL 6199281, *2 (N.D. Cal. Nov. 27, 2013) ........................... 11

*Teknekron Software Sys, Inc. v. Cornell Univ,*
No. 93-20122 SW1993 WL 215024, *7 (N.D. Cal. June 14, 1993)........................................ 16

*Van Dusen v. Barrack,*
376 U.S. 612 (1964)..................................................................................................... 14

*Xilinx, Inc. v. Pabst Licensing GMBH & Co. KG,*
113 F. Supp.3d 1027 (N.D. Cal. 2015) (J. Koh) ....................................................... 4, 6, 11, 12

### STATUTES

28 U.S.C. § 1391 ........................................................................................................... 10

28 U.S.C. § 1404 ....................................................................................................... 1, 14

28 U.S.C. § 1404(a) ........................................................................................... 9, 10, 12, 14

### RULES

Federal Rules of Civil Procedure, Rule 12(b)(2) ....................................................... 1, 4

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER VENUE                    5:16-CV-04173-LHK

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 17, 2016, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 8 on the 4th floor of the United States District Court for the Northern District of California located at 280 South 1st Street, San Jose, California, 95113, Defendants IXI IP, LLC and IXI Mobile (R&D), Ltd. (collectively "IXI defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) and 28 U.S.C. § 1404 for an order dismissing this case for lack of personal jurisdiction or, in the alternative, for an order transferring this case to the Eastern District of Texas.

This Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Transfer of Venue is based on this Notice, the Memorandum of Points and Authorities below, the Declarations of Steve Pedersen, Israel Koffman, and John Higson, all filed concurrently herewith, the pleadings and other records on file with the Court, any oral argument of counsel at the hearing on this Motion, all relevant matters judicially noticeable, and such further evidence and argument as the Court may consider.

**REQUESTED RELIEF**

Through this motion, the IXI defendants respectfully request that the Court issue an order dismissing this case for lack of personal jurisdiction. Alternatively, the IXI defendants respectfully request that the Court issue an order transferring this case to the United States District Court for the Eastern District of Texas, Marshall Division.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Google seeks a declaratory judgment of non-infringement based on four cases filed against its customers in the Eastern District of Texas. Google cannot maintain this action for two primary reasons. First, the Court cannot exercise personal jurisdiction over the defendants. The defendants are non-residents of California, have no operations in California and, most importantly, have not engaged in patent enforcement efforts in this District for the subject patent-in-suit. Second, the Federal Circuit has expressly rejected exactly what Google is attempting to

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER VENUE                    5:16-CV-04173-LHK

do in this case. More specifically, the Federal Circuit has stated that where the genesis of an action seeking declaratory relief of non-infringement is a case already pending in another judicial district, the party seeking declaratory relief cannot file an action in a different forum. Rather, the Federal Circuit has stated that the declaratory judgment action should be commenced in the forum where the pending infringement actions were being litigated (i.e., the Eastern District of Texas). Google's declaratory judgment action should be dismissed or, in the alternative, transferred to the Eastern District of Texas.

## II.    BACKGROUND

### A.    The IXI Defendants.

Defendant IXI IP, LLC ("IXI IP") is incorporated in New York and has a principal place of business located in New York, NY. [Declaration of Steve Pedersen ("Pedersen Dec.") at ¶ 1.] IXI Mobile (R&D), Ltd. ("IXI Israel") is an Israeli company with a principal place of business in Rishon Lezion, Israel (outside of Tel Aviv). [Declaration of Israel Koffman ("Koffman Dec.") at ¶ 1.][1] Neither IXI IP nor IXI Israel have offices or employees in California. [Pedersen Dec. at ¶ 4; Koffman Dec. at ¶ 4.] Moreover, neither IXI IP nor IXI Israel have operations or conduct any regular business in California. [Pedersen Dec. at ¶ 4; Koffman Dec. at ¶ 4.]

IXI IP is the owner of the patent-in-suit, U.S. Patent No. 7,552,124 (the "'124 patent"), and IXI Israel is an exclusive licensee to the '124 patent. [Pedersen Dec. at ¶ 2; Koffman Dec. at ¶ 2.] Neither IXI IP nor IXI Israel has engaged in patent enforcement activity related to the '124 patent in this District. [Pedersen Dec. at ¶ 5; Koffman Dec. at ¶ 5.]

### B.    The E.D. Texas Actions.

On November 25, 2015, the IXI defendants filed patent infringement actions based on the '124 patent against four sets of defendants – Samsung, Blackberry, HTC and ZTE – in the United States District Court for the Eastern District of Texas (collectively, the "E.D. Texas Actions").[2]

---

[1] IXI IP and IXI Israel are collectively referred to as the "IXI defendants." The Pedersen Dec. and Koffman Dec. are being filed contemporaneously herewith.

[2] *See IXI Mobile (R&D) Ltd. v. Blackberry Ltd.*, No. 2:15-CV-01883 (E.D. Tex); *IXI Mobile (R&D) Ltd. v. HTC Corp.*, No. 2:15-CV-01884 (E.D. Tex); *IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:15-CV-01885 (E.D. Tex); and *IXI Mobile (R&D) Ltd. v. ZTE Corp.*, No.

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, TRANSFER VENUE          5:16-CV-04173-LHK

The '124 patent claims systems and methods that allow end-users of mobile communication devices to control the operations of the device via natural language commands. Each of the defendants in the E.D. Texas Actions manufacture and sell devices that incorporate the technology claimed by the '124 patent. [Higson Dec. at ¶ 1.]

In the E.D. Texas Actions, the parties have engaged in various pre-trial activity, including written discovery, production of documents and initial source code review from one of the defendants. [Higson Dec. at ¶ 5.] In addition, the parties have scheduled mediation in Texas with court-appointed mediators and have begun the claim construction process, including serving Patent Rule 4-1 and 4-2 disclosures. [Higson Dec. at ¶ 6.] In April, 2016, IXI served its disclosure of Asserted Claims and Infringement Contentions and the defendants have served Invalidity Contentions. [Higson Dec. at ¶ 7.] The Court has scheduled a claim construction hearing for November 30, 2016 and set a fact discovery deadline of February 13, 2017. [Higson Dec. at ¶ 8.]

On August 3, 2016, Microsoft Corp. intervened in the E.D. Texas Actions seeking a declaration of non-infringement. The basis for Microsoft's intervention is the same as that proffered by Google – i.e., that its products and services are involved in the E.D. Texas Actions and it needs to protect its interests. [Higson Dec. at ¶ 9.]

### C.    The Google Action.

Unlike Microsoft, Google did not seek to intervene in the E.D. Texas Actions. Rather, Google filed this action for declaratory relief on July 25, 2016. Google asserts that the defendants in the E.D. Texas Actions are its customers and partners and make available the Google Now, Google Search and Google Voice Search products and services in the mobile devices at issue in the case. [Complaint at ¶ 14.] Google claims that should the IXI defendants prevail on the

/ / /

/ / /

---

2:15-CV-01886 (E.D. Tex). IXI filed the E.D. Texas Actions as "related" and the actions are coordinated for pretrial purposes. [Declaration of John J. Higson, Esquire ("Higson Dec.") at ¶ 3.] On August 22, 2016, nine months after the matters were commenced, the defendants filed a motion to transfer the E.D. Texas Actions to this District. [Higson Dec. at ¶ 4.]

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, TRANSFER VENUE          5:16-CV-04173-LHK

1   infringement claims in the E.D. Texas Actions, Google would "suffer harm." [*Id*. at ¶ 17.] As a

2   consequence, Google seeks a declaration that its products do not infringe the '124 patent. [*Id*. at

3   ¶ 25.]

4   **III.    ARGUMENT**

5          The Court cannot exercise personal jurisdiction over the IXI defendants and, therefore, the

6   matter should be dismissed.  Indeed, the allegations made by Google to support the exercise of

7   personal jurisdiction have been consistently rejected.  For instance, in *Xilinx, Inc. v. Pabst*

8   *Licensing GMBH & Co. KG*, this Court, relying on a wealth of Circuit Court precedent, analyzed

9   and rejected the same personal jurisdiction arguments as those being proffered by Google in this

10  case.  113 F. Supp.3d 1027 (N.D. Cal. 2015) (J. Koh).[3]  In the alternative, Google's attempt to

11  seek declaratory relief in this forum is not permitted and the matter should be transferred to the

12  Eastern District of Texas.

13         **A.     The Court Does Not Have Personal Jurisdiction Over The IXI Defendants.**

14                 **1.    The Standard.**

15         Where a defendant moves to dismiss a suit for lack of personal jurisdiction pursuant to

16  Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing

17  jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  The determination of

18  personal jurisdiction over a non-resident defendant entails two inquiries: (1) whether the forum's

19  long-arm statute permits service of process on the defendant; and (2) whether jurisdiction

20  complies with due process. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (9th Cir.

21  2003) (citations omitted).  Because California's long-arm statute is co-extensive with due process,

22  the Court analyzes whether a plaintiff has alleged sufficient contacts to satisfy due process.

23  *Coyle*, 340 F.3d at 1350.  "[D]ue process requires only that in order to subject a defendant to a

24  judgment in personam, if he be not present within the territory of the forum, he have certain

25  minimum contacts with it such that the maintenance of the suit does not offend traditional notions

26

27  [3] The Court's decision in *Xilinx* was recently vacated on other grounds by the Federal Circuit.
    (15-1914).  More specifically, the appeal was deemed moot and the appellees' motion to vacate

28  the appeal was unopposed.  [Higson Dec. at ¶ 10.]

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

1    of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

2    (internal quotation omitted).  The minimum contacts requirement ensures "that nonresidents have

3    fair warning that a particular activity may subject them to litigation within the forum." *Beverly*

4    *Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (citations omitted).

5            Personal jurisdiction can be either general or specific.  *Daimler AG v. Bauman*, 134 S.Ct.

6    746, 754 (2014).  To establish general jurisdiction, a plaintiff must prove that the defendant's

7    contacts with the forum are so continuous and systematic that the defendant is virtually "at home"

8    in the forum.  *Id*. at 751 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct.

9    2846 (2011)).  Where general jurisdiction is not established, a court may exercise specific

10   jurisdiction only if "the defendant has purposefully directed his activities at residents of the forum

11   and the litigation results from alleged injuries that arise out of or relate to those activities."

12   *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350–51

13   (Fed. Cir. 2002) (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)).

14           Google has not, and indeed cannot, establish either general or specific personal

15   jurisdiction over the IXI defendants.

16                      **2.       General Jurisdiction Does Not Exist.**

17           As the Supreme Court has held, a defendant's contacts with the forum must be so

18   continuous and systematic that the defendant is virtually "at home" in the forum in order to

19   establish general jurisdiction.  *Daimler*, 134 S.Ct. at 751 (citing *Goodyear Dunlop Tires*

20   *Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011)).  This showing is usually only satisfied by the

21   defendant having been incorporated in the forum or maintaining its principal place of business

22   there.  *Id*. at 760–61.  The Supreme Court has rejected the argument that a nonresident defendant

23   should be subject to general jurisdiction "in every State in which [the defendant] engages in a

24   substantial, continuous, and systematic course of business," finding that such a holding would be

25   "unacceptably grasping."  *Id*. at 761.  Only in an "exceptional" case can a corporation's

26   operations in a forum other than its place of incorporation or principal place of business be so

27   substantial and of such a nature as to render the corporation at home in that State.  *Id*. at 761 n.

28   19.  Indeed, Courts in this District recently observed that the Supreme Court has found general

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                        5:16-CV-04173-LHK

1   jurisdiction to exist over a nonresident defendant only in *one* prior instance.  *See Xilinx*, 113 F.

2   Supp.3d at 1036 (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 72 S.Ct. 413

3   (1952)).[4]

4       Neither IXI IP nor IXI Israel are incorporated in or have a principal place of business in

5   California.  [Pedersen Dec. at ¶¶ 1, 4; Koffman Dec. at ¶¶ 1, 4.]  IXI IP is a New York company

6   with a place of business in New York, NY, while IXI Israel is an Israeli company with a place of

7   business in Rishon Lezion, Israel.  Neither has an office or employees in California nor conducts

8   regular, continuous or systematic business in the California forum.  *See Goodyear*, 131 S.Ct. at

9   2853–54 (noting that "the paradigm forum for the exercise of general jurisdiction ... [is the

10  corporation's] domicile, place of incorporation, and principal place of business" (citation

11  omitted)).

12      Google alleges that "relevant IXI entities were previously headquartered in this District

13  and were subsidiaries of a California company."  [Complaint at ¶ 7.][5]  As an initial matter,

14  Google does not even attempt to establish that IXI IP has any corporate or operational ties to

15  California.  Rather, Google claims that defendant IXI Israel was a subsidiary of another IXI entity

16  – IXI Mobile, Inc. – and that IXI Mobile, Inc. had a place of business in this District *until 2007*.

17  [*Id.*]  The Ninth Circuit, however, has made it clear that personal jurisdiction cannot be

18  established merely by a parent-subsidiary relationship.  *See Ranza v. Nike, Inc.*, 793 F.3d 1059,

19  1070 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915, 193 L. Ed. 2d 793 (2016) ("The existence of a

20  parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts

21  with a forum state to another for the purpose of establishing personal jurisdiction.").[6]  That a

22  _____

[4] In *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437 (1952), the Supreme Court found general

23  jurisdiction over a company based in the Philippines only because "the defendant's president
    directed all of the company's activities from [the forum]" and "the defendant's mining operations

24  in the Philippines were halted by Japanese wartime occupation of the Philippines."  *Xilinx, Inc.*,
    113 F. Supp.3d at 1036.

25  [5] Google admittedly does not actually have knowledge of these allegations but merely asserts

26  them on information and belief.  The IXI defendants dispute Google's assertions regarding the
    corporate relationship between IXI entities.

27  [6] In *Ranza*, the Ninth Circuit stated that the only way a jurisdictional tie could potentially be
    established via a parent-subsidiary relationship was if plaintiff could prove that the entities were

28  alter-egos of each other.  This requires at least a showing of total control over the operational

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO
BURBANK

626\1364897.1                                                        - 6 -
MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                    5:16-CV-04173-LHK

1  different IXI entity may have had a place of business in this District ***nearly 10 years ago*** does not

2  translate into the establishment of general jurisdiction over IXI Israel in this case.  Indeed, a

3  corporate search shows that IXI Mobile, Inc. is a forfeited entity which has been inactive for

4  years.  [Higson Dec. at ¶ 11.]  The entity upon which Google relies thus has been forfeited for

5  years and, in any event, maintains no operations in California.  [Koffman Dec. at ¶ 6; Complaint

6  at ¶ 7.]

7       To the extent Google claims that alleged efforts by the IXI defendants to license their

8  patents in California can give rise to a finding of general jurisdiction, Google is well aware that

9  this argument has been soundly rejected.  *See Google Inc. v. Rockstar Consortium U.S. LP.*, No.

10  13-CV-5933-CW, 2014 WL 1571807, at *5 (N.D. Cal. Apr. 17, 2014) (holding that an exercise of

11  general jurisdiction over a foreign non-practicing entity was not justified even though the

12  defendant's "patent licensing business" targeted Silicon Valley).

13       Simply put, neither IXI defendant has any corporate or operational presence in California.

14  Google has not come close to establishing that either IXI defendants are engaged in any

15  substantial, continuous or systematic course of business in California that would render the IXI

16  defendants "at home" in this forum.  Even if Google could make a showing that IXI Israel

17  engaged in some activity in California at some point nearly ten years ago through a corporate

18  affiliate, that would not come close to meeting the Supreme Court's narrow general jurisdiction

19  standard.  *Daimler*, 134 S.Ct. at 761 (even "substantial, continuous, and systematic" business

20  within a state cannot justify an exercise of general jurisdiction when the defendant is not "at-

21  home" in that state).  Consequently, Google cannot establish general jurisdiction over either IXI

22  defendant.

23

24  affairs of the agent company and a complete disregard of corporate formalities.  In other words,
    Google would have to prove that IXI Israel and IXI Mobile, Inc. were the same company.  *Ranza*,
25  793 F.3d at 1073-75.  Google has not come close to meeting this burden and, indeed, has not even
    attempted it.  Moreover, and to the contrary, while IXI Mobile, Inc. in the past was an indirect
26  shareholder of IXI Israel, IXI Mobile, Inc. and IXI Israel have always been, separate corporate
    entities.  [Koffman Dec. at ¶ 6.]  Further, the control in IXI Mobile, Inc. was acquired by another
27  Israel-based company in 2008 and, other than some indirect minority shareholdings in IXI Israel
    and additional non-active entities, IXI Mobile, Inc. no longer has operations.  [*Id*.]

28

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

626\1364897.1
- 7 -

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                    5:16-CV-04173-LHK

### 3.    Specific Jurisdiction Does Not Exist.

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if: (1) the defendant purposefully directed its activities at the residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction does not violate fair play and substantial justice. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). The plaintiff bears the burden to establish minimal contacts and, if successful, the defendant must prove that the exercise of jurisdiction is unreasonable. *Coyle*, 340 F.3d at 1350.

The exercise of specific personal jurisdiction over a foreign patentee defendant in a declaratory judgment action is narrow in its application. In this regard, in a declaratory judgment action for non-infringement, not all activities related to the patents-in-suit are relevant jurisdictional contacts. *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F.3d 1324, 1332–33 (Fed. Cir. 2008). Instead, only activities that "relate to" the enforcement of the patents-in-suit are relevant to the "arises out of" prong. *Id.* at 1333. As the Federal Circuit has explained, "in the context of an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability, the patentee is the defendant, and the claim asserted by the plaintiff relates to the 'wrongful restraint [by the patentee] on the free exploitation of non-infringing goods ... [such as] the threat of an infringement suit.'" *Avocent,* 552 F.3d at 1332 (citing *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998)). Thus, a declaratory judgment action for non-infringement does not "arise out of" or "relate to" activities such as the defendant's manufacturing, use, offer for sale, or sale of goods in the forum. *Id.* at 1332–33. Rather, the declaratory judgment "arises out of" or "relates to" the defendant's enforcement of the patents in the forum. *Id.* at 1334. Consequently, the proper inquiry is whether any of the defendant's activities "relate to the *enforcement* or the *defense of the validity* of the [patents-in-suit]." *Id.* As the Federal Circuit has held:

> an action for a declaratory judgment arises out of or relates to the
> activities of the defendant patentee in enforcing the patent or
> patents in suit, and … the relevant inquiry for specific jurisdiction
> is to what extent … the defendant patentee purposefully directed
> such enforcement activities at residents of the forum and the extent

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO
BURBANK

626\1364897.1

- 8 -

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE        5:16-CV-04173-LHK

1    to which the declaratory judgment claim arises out of or relates to
2    those activities.  Thus, only those activities of the patentee that
     relate to the enforcement or defense of the patent can give rise to
3    specific personal jurisdiction for such an action.

4    *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 788-89 (Fed. Cir. 2011) (internal quotation

5    marks and citations omitted); *see also*, *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d

6    1012, 1020 (Fed. Cir. 2009).

7    Google asserts that the IXI defendants have purposefully availed themselves of the

8    California forum by (1) previously litigating infringement claims related to different IXI patents

9    in this District; (2) contacting California-based companies, including Google in 2008 and 2012, in

10   an effort to license or sell IXI's patents; and (3) retaining a California based attorney to file the

11   '124 patent application.  [Complaint at ¶¶ 8-9.]  None of these contacts are sufficient to establish

12   personal jurisdiction.

13           **a.**      **Prior patent infringement actions in California related to**
     **different patents do not establish jurisdiction.**
14

15   Google first argues that the IXI defendants' involvement in several other patent cases in

16   the Northern District of California conveys jurisdiction.  [Complaint at ¶¶ 8, 10.]  These prior

17   cases, however, are irrelevant because they involve ***different*** IXI patents that are not related or in

18   the same patent family as the '124 patent.  The IXI defendants have not commenced a civil patent

19   enforcement action related to the '124 patent in California.  [Pedersen Dec. at ¶ 5; Koffman Dec.

20   at ¶ 5.]  The Federal Circuit has "consistently" made clear that the "other activities" for purposes

21   of personal jurisdiction must relate to "the relevant patents."  *Avocent,* 552 F.3d at 1334.[7]  The

22   "other" cases alleged by Google are simply irrelevant to the jurisdiction analysis.[8]

23

24   [7] The referenced cases against Blackberry (3:2015-CV-03754), Samsung (3:2015-CV-03752) and
     Apple (3:2015-CV-03755) involved United States Patent Nos. 7,039,033, 7,295,532 and
25   7,016,648.  The referenced cases against LG (3:2015-CV-05442) and Lenovo (3:2015-CV-05439)
     involved United States Patent No. 7,551,590.  [Higson Dec. at ¶¶ 12-13.]

26   [8] While irrelevant to the Court's personal jurisdiction analysis, it is noteworthy that Google
     misrepresents the procedural status and case history of these prior cases.  The Blackberry,
27   Samsung and Apple cases were originally filed in the United States District Court for the
     Southern District of New York and transferred pursuant to 28 U.S.C. § 1404(a) – despite the IXI
28   defendants' objections and opposition.  *See IXI Mobile (R&D) Ltd. v. Samsung Electronics Co.,*

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                5:16-CV-04173-LHK

1

**b.    Efforts to license IXI patents do not establish jurisdiction.**

2    Google next claims that the IXI defendants have purposefully availed themselves of this

3    jurisdiction through their licensing and acquisition efforts directed at California companies,

4    including Google.  [Complaint at ¶¶ 9-10.]  Although not specific as to the precise nature of the

5    communications with the various California companies referenced in the Complaint, it is

6    undisputed that, to the extent communications took place, they were for the purpose of potentially

7    entering into a license agreement or acquisition.  Moreover, there is no claim that these alleged

8    communications resulted in the current litigation related to the '124 patent.  These general

9    communications related to a license do not establish specific jurisdiction over the IXI defendants.

10    The Federal Circuit has held that based on "policy considerations unique to the patent

11    context," courts cannot assert jurisdiction on the sole basis of licensing attempts, such as sending

12    cease and desist letters.  *Red Wing Shoe*, 148 F.3d at 1359–61. The Federal Circuit has explained:

13
> Principles of fair play and substantial justice afford a patentee
> sufficient latitude to inform others of its patent rights without

14
> subjecting itself to jurisdiction in a foreign forum. A patentee
> should not subject itself to personal jurisdiction in a forum solely

15
> by informing a party who happens to be located there of suspected
> infringement. Grounding personal jurisdiction on such contacts

16
> alone would not comport with principles of fairness.

17    *Id*. at 1360–61; *see also*, *Avocent* 552 F.3d at 1333 ("letters threatening suit for patent

18    infringement sent to the alleged infringer by themselves do not suffice to create personal

19    jurisdiction."); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003)

20    / / /

21    / / /

22    *Ltd.*, No. 1:14-CV-04355-RJS, 2015 WL 4720293 (S.D.N.Y. Aug. 6, 2015).  In other words, the

23    IXI defendants did not voluntarily bring these actions in this forum.  Moreover, one of the

24    § 1404(a) factors is that the proposed transferee court be one in which the action could have been brought by the plaintiffs under 28 U.S.C. § 1391.  Given that, among other things, Apple was headquartered in the Northern District of California and that all of the defendants sold infringing

25    devices in the same forum, venue was proper under 28 U.S.C. § 1391.  Google's resultant assertion that the IXI defendants somehow admitted that jurisdiction was proper is misleading and

26    false.  With respect to the LG and Lenovo matters, it is also noteworthy that they were initiated in November, 2015, involved a patent related to the other actions that were transferred to California

27    and were voluntarily dismissed by the IXI defendants in February, 2016 before any responses to

28    the complaints were filed.  *See* Nos. 3:2015-CV-05442 and 3:2015-CV-05439.

Hopkins & Carley
Attorneys At Law
San Jose ◆Palo Alto
Burbank

626\134897.1                                          - 10 -
MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE          5:16-CV-04173-LHK

1  ("[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there

2  must be 'other activities' directed at the forum and related to the cause of action besides the

3  letters threatening an infringement suit.") (internal citations omitted).

4      Stated plainly, a defendant may not be subjected to personal jurisdiction if its only

5  additional activities in the forum state involve unsuccessful plans to license the patent there.

6  *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (citing

7  *Hildebrand v. Steck Mfg.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002)); *Xilinx*, 113 F. Supp.3d at 1039-

8  40 ("mere attempts to license" the patents-in-suit do not confer specific jurisdiction over the

9  patentee); *Square, Inc. v. Morales*, No. 13–CV–1431–SBA, 2013 WL 6199281, *2 (N.D. Cal.

10  Nov. 27, 2013) (refusing to exercise specific jurisdiction over defendant despite the fact that

11  defendant traveled to San Francisco to threaten infringement and to attempt to negotiate a deal);

12  *see also, Autogenomics*, 566 F.3d at 1012; *Avocent* 552 F.3d at 1333.[9]

13      With respect to the alleged communications with Google in 2008 and 2012, these were at

14  best merely efforts to negotiate a license or acquisition regarding patents in the general IXI

15  portfolio.  Indeed, the alleged 2008 communication was prior to the '124 patent being issued (i.e.,

16  June 23, 2009).  Google, moreover, does not allege that any of the claimed communications

17  resulted in a successful license or acquisition agreement.  Rather, it is clear that they were mere

18  attempts to license, which the Federal Circuit has held is insufficient contacts for personal

19  jurisdiction.  *Xilinx*, 113 F. Supp.3d at 1040 (holding that jurisdiction is not justified on the basis

20  of declaratory judgment defendant's "failed in-state licensing negotiations.").  And, again, there is

21  no assertion that these alleged communications – the last of which allegedly took place four years

22  ago – gave rise to the current purported need for declaratory relief.  The Federal Circuit and

23  courts in this District make it clear that Google cannot establish jurisdiction under these

24  circumstances.

25  / / /

---

[9] Although not the case here, a court also cannot exercise personal jurisdiction over a defendant "where the defendant has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but … has no dealings with those licensees beyond the receipt of royalty income."  *Breckenridge*, 444 F.3d at 1366 (citing *Red Wing Shoe*, 148 F.3d at 1357–58).

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE          5:16-CV-04173-LHK

c.    **Retaining a Los Angeles based attorney to file the patent application does not establish jurisdiction.**

Lastly, Google references that the attorney retained by an IXI entity to file the '124 patent in 2004 was based in southern California.  Clearly, the retention of an attorney over a decade ago to file a patent application does not establish jurisdiction over either IXI Israel or IXI IP (which was not involved at the time).  *See Xilinx*, 113 F. Supp.3d at 1043-44 (finding the "simple act" of retaining patent attorney based in California not sufficient to vest California with personal jurisdiction over a declaratory judgment action challenging the validity of that patent).

In short, Google has failed to meet its burden to make a prima facie showing of relevant jurisdictional facts to withstand a motion to dismiss for lack of personal jurisdiction.

B.    **Alternatively, This Case Should Be Transferred To The Eastern District Of Texas.**

Even if this Court concludes that it has personal jurisdiction over the IXI defendants, it should still transfer this case to the Eastern District of Texas.  Both Federal Circuit precedent and the 28 U.S.C. § 1404(a) convenience factors heavily favor transfer to Texas – where the Texas Court has been adjudicating the exact claims at issue here for the past nine months.

1.    **Federal Circuit Precedent Dictates that this Case be Transferred to the Jurisdiction where Google's Customers were First Sued.**

Google alleges that venue is proper in California because "a substantial part of the events giving rise to Google's claim occurred in this District, and IXI Israel (R&D) and IXI IP are subject to personal jurisdiction here."  [Complaint at ¶ 11.]  As explained above, however, it is clear that this Court does not have personal jurisdiction over the IXI defendants.  Further, it is not true that "a substantial part of the events giving rise to Google's claim occurred in this District." [*Id.*]  The Federal Circuit has made clear that where the basis for a party's declaratory judgment action is alleged obligations owed to its previously sued customers, venue is only proper in the jurisdiction where the customers were originally sued:

> A case has already been filed against these customers in the Eastern District of Texas.  Appellees cannot seek a declaration from a New York court on behalf of customers they must indemnify where a

Hopkins & Carley
Attorneys At Law
San Jose ◆Palo Alto
Burbank

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, TRANSFER VENUE                5:16-CV-04173-LHK

suit against these very same customers on all the same issues was *already* underway in a Texas court.

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014); *see also Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action.) (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

In *Amazon.com, Inc. v. Straight Path IP Grp. Inc.*, a court in this District was faced with virtually identical circumstances as the present matter.  No. 5:14-CV-04561-EJD, 2015 WL 3486494 (N.D. Cal. May 28, 2015).  More specifically, in *Straight Path IP*, a patentee brought infringement claims against customers of Amazon in the Eastern District of Virginia.  Intending to protect its potential interests given the infringement claims raised in the Virginia actions, Amazon brought a declaratory judgment action against the patentee in this District.  In granting the patentee defendant's motion to transfer, the Court applied the above Federal Circuit *DataTern* decision and determined that Amazon's request for declaratory relief arose from the infringement cases already underway in the Eastern District of Virginia and, consequently, should be heard alongside those cases.  *Straight Path IP*, 2015 WL 3486494 at *6-7 ("Amazon's Complaint arises from the patent infringement action in the Eastern District of Virginia, in which Straight Path accused Amazon's customers … on all the same issues as in this case.… Amazon could defend its customers and efficiently and effectively participate in the Virginia Action.") (internal citations omitted).

Like *DataTern* and *Straight Path*, Google's action arises from the E.D. Texas Actions filed against Google's customers Samsung, BlackBerry, HTC, and ZTE.  Google admits as much in the Complaint.  For example, in its sole count for non-infringement, Google's claims are limited to "Google Search Products" and "Nexus Devices."  [Complaint at ¶¶ 22-23, 25.]  These products are defined to include only devices accused in the E.D. Texas Actions.  [*Id.* at ¶¶ 15-16.]  Indeed, Google alleges that "[s]hould IXI prevail on its infringement claims in the Google Search

- 13 -

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                5:16-CV-04173-LHK

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto
Burbank

1    Actions, Google would suffer harm")  [*Id*. at ¶ 17.]  By Google's own admission, its declaratory

2    judgment action arises from and is dependent on the outcome of the E.D. Texas Actions.  Because

3    IXI first filed the E.D. Texas Actions against Google's customers nine months ago, Google

4    should not be allowed to "seek a declaration from a [California] court on behalf of customers they

5    must indemnify where a suit against these very same customers on all the same issues was

6    *already* underway in a Texas court."  *DataTern, Inc.*, 755 F.3d at 904 (emphasis in original).

7    Therefore, there is no doubt that this action should have been brought in the Eastern District of

8    Texas and the action should be transferred.

9                    **2.        The Convenience Factors Weight in Favor of Transfer to Texas.**

10            In addition to the Federal Circuit mandating transfer, the § 1404 convenience factors

11    weigh in favor of transfer to Texas, which is the center of gravity of this action.

12            Under § 1404(a), a district court may "'transfer any civil action to any other district or

13    division where it might have been brought or to any district or division to which all parties have

14    consented' if such a transfer is convenient to the parties and witnesses."  *Straight Path IP Grp.*,

15    2015 WL 3486494, at *2.  The purpose of § 1404(a) is to "prevent the waste of time, energy, and

16    money and to protect litigants, witnesses, and the public against unnecessary inconvenience and

17    expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v.*

18    *Barge F.B.L.*, 364 U.S. 19, 26, 27 (1960)).  "If the proposed district is a viable one, the court then

19    goes through an 'individualized, case-by-case consideration of convenience and fairness.'"

20    *Straight Path IP Grp. Inc.*, 2015 WL 3486494, at *3 (quoting *Van Dusen,* 376 U.S. at 622).

21            When considering transfer, the Ninth Circuit considers the § 1404 convenience factors and

22    "'(1) the location where the relevant agreements were negotiated and executed, (2) the state that

23    is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective

24    parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the

25    chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

26    compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of

27    access to sources of proof.'"  *Id*. (quoting *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99

28    (9th Cir. 2000)).  "No single factor is dispositive, and a district court has broad discretion to

626\1364897.1                                          - 14 -

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                    5:16-CV-04173-LHK

1   adjudicate motions for transfer on a case-by-case basis." *Id.* (quoting *Ctr. for Biological*

2   *Diversity v. Kempthorne,* No. 08–1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043,

3   at *2 (N.D. Cal. Oct. 10, 2008)) (citations omitted).

4          Under circumstances to the present matter, this Court has considered the following

5   convenience factors relevant to its transfer analysis: (1) interests of justice; (2) convenience to

6   witnesses; (3) convenience to parties; (4) the differences in costs in litigation in the two forums;

7   (5) plaintiff's choice of forum; (6) the location where relevant agreements were negotiated and

8   executed; and (7) the respective parties' contacts with the Forum. *See Straight Path IP Grp. Inc.*,

9   2015 WL 3486494, at **7-9.

10                  **a.      Interests of justice / the differences in the costs of litigation in**
                            **the two forums.**
11

12         The interests of justice factor strongly favor transfer.  The Texas Court has already

13   invested significant resources into a case involving the same patent and four of Google's

14   customers.  IXI initiated the E.D. Texas Actions nine months ago and the parties have already

15   begun the claim construction process, served discovery requests, produced documents, reviewed

16   source code, entered into a Protective Order with the Texas Court and agreed to mediate in Texas.

17   Importantly, claim construction briefing will begin in October and a hearing is scheduled for

18   November, 2016.  *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)

19   ("[P]ermitting multiple litigation of these identical claims could serve no purpose of judicial

20   administration, and the risk of conflicting determinations as to the patents' validity and

21   enforceability was clear."); *see also Glaxo Grp. Ltd. v. Genentech, Inc.*, No. C 10-00675-JSW,

22   2010 WL 1445666, at *3 (N.D. Cal. Apr. 12, 2010) ("Patent cases involve highly technical

23   factual determinations, and to require different courts to conduct such an extensive inquiry would

24   be highly inefficient and could also lead to conflicting claim constructions.").

25         In addition, Microsoft just intervened in the E.D. Texas Actions (as Google should have)

26   on August 3, 2016.  As such, the Texas Court has already invested and will continue to invest

27   significant resources into learning the relevant technologies and otherwise adjudicating the related

28   matters.  If this Court keeps the Google case in California, it runs the risk of inconsistent claim

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ●PALO ALTO
BURBANK

626\1364897.1                                         - 15 -
MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                    5:16-CV-04173-LHK

1  constructions and other judgments.  *See Straight Path IP Grp. Inc.*, 2015 WL 3486494, at *8

2  ("Here, the Virginia court will already have to commit significant resources to learning the

3  relevant technology in this case.  However, allowing this case to continue in California will only

4  duplicate the workload of the courts, and could result in intervention here by manufacturers not

5  indemnified by Amazon.  There is no need for this Court to duplicate the work of the Virginia

6  court and risk conflicting decision by sister courts.").  Moreover, by Google's own admission, its

7  declaratory judgment action arises from and is dependent on the outcome of the E.D. Texas

8  Actions.  Under these circumstances, it only makes sense to transfer this action to the Eastern

9  District of Texas.

10  **b.  Convenience to the witnesses.**

11  Convenience of witnesses is an important factor.  *Id.*  This factor is especially important as

12  it relates to "non-party witnesses."  *Id.*; *see Hansell v. TracFone Wireless, Inc.*, No. C-13-3440-

13  EMC, 2013 WL 6155618, at *3 (N.D. Cal. Nov. 22, 2013) (finding this factor "does not weigh

14  heavily, however, [where] all of the identified witnesses are party witnesses").  Here, Google will

15  likely argue that its party witnesses are located in California, while IXI's party witnesses are in

16  New York and Israel.  On balance, the location of the parties favors a centrally located venue –

17  like Texas – where the E.D. Texas Actions are pending.  *See Hoefer v. U.S. Dep't of Commerce*,

18  No. C 00 0918 VRW, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000)) ("Litigation should

19  proceed where the case finds its 'center of gravity.'") (citing *Teknekron Software Sys, Inc. v.*

20  *Cornell Univ,* No. 93-20122 SW1993 WL 215024, *7 (N.D. Cal. June 14, 1993)).

21  The location of non-party witnesses also weighs heavily in favor of transfer.  For example,

22  the locations of non-party witnesses ZTE (headquartered in Texas), BlackBerry (headquartered in

23  Texas), Samsung (headquartered in New Jersey with substantial operations in Texas) all weigh in

24  favor of transferring this action to Texas.  These companies manufacture the hardware containing

25  Google's software and are likely to have information regarding the functionality, sales, and

26  marketing of the accused devices.  The location of these witnesses should be given extra weight

27  considering that there is already an action pending against these companies over the very same

28  issues asserted against Google.  *See DataTern, Inc.*, 755 F.3d at 904.  Indeed, ZTE has already

Hopkins & Carley
Attorneys At Law
San Jose ◆Palo Alto
Burbank

626\1364897.1                                   - 16 -

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE              5:16-CV-04173-LHK

1    identified in its initial disclosures in the E.D. Texas Actions that it has witnesses in Richardson,

2    Texas with information concerning the "operations, structure, features, and financial information"

3    related to the accused Google devices manufactured by ZTE. [Higson Dec. at ¶ 14.] Likewise,

4    Samsung has identified Texas-based witnesses as having information regarding the financials,

5    marketing, and sales of the accused Google devices manufactured by Samsung. [Higson Dec. at

6    ¶ 15.] In addition, non-party witness Vladimir Drukin, the inventor of the only patent-in-suit,

7    resides in New Jersey, which is much closer to Texas than California. [Higson Dec. at ¶ 15.]; *see*

8    *Hoefer*, 2000 WL 890862, at *3.

9                        **c.    Convenience of the parties.**

10       The convenience of the parties is "an important factor in determining whether to allow a

11   transfer of venue." *Straight Path IP Grp. Inc.*, 2015 WL 3486494, at *7 (quoting *Jarvis v.*

12   *Marietta Corp.,* No. C 98–4951, 1999 WL 638231 MJJ, at *4 (N.D.Cal. Aug. 12, 1999)). This

13   factor weighs in favor of transfer. While Google is located in the Northern District of California,

14   the IXI defendants are based in New York and Israel. Since Texas is the center of gravity

15   between the parties, it is the most convenient forum for all parties. *See Hoefer*, 2000 WL 890862,

16   at *3.

17       Further, Google operates around the globe and is one of the biggest companies in the

18   world. Whatever inconvenience would be suffered by Google as a result of a transfer to Texas

19   pales in comparison to the inconvenience suffered by IXI if the case remains in California. This

20   inconvenience is heightened considering that IXI has had actions pending against Google's

21   customers on the same issues for nine months.

22                        **d.    Plaintiff's choice of forum.**

23       While Google chose this forum and is headquartered in California, it is a global company

24   with extensive operations in Texas. In addition, the fact that IXI's party witnesses and the

25   majority (if not all) third-party witnesses are located in or closer to Texas diminishes the

26   importance of this factor. *See Straight Path IP Grp. Inc.*, 2015 WL 3486494, at *7. Also,

27   because Google's Complaint is based entirely on the Texas Actions against its customers, this

28   factor is neutral at best. *See DataTern, Inc.*, 755 F.3d at 904.

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                    5:16-CV-04173-LHK

1

### e.    Location where relevant agreements negotiated and executed.

2    The location where relevant agreements are negotiated and executed is relevant to the

3    transfer analysis. *Straight Path IP Grp. Inc.*, 2015 WL 3486494, at *8 (citing *Jones v. GNC*

4    *Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)).  As in *Straight Path*, this factor is

5    neutral because Google has not alleged that the location of any relevant agreement is at issue.  *Id.*

6

### f.    The respective parties' contacts with the forum

7    Both parties' contacts with the forum are relevant to the transfer inquiry.  *Id.*  Again, this

8    factor is neutral at best.  This factor is extensively addressed in the section regarding lack of

9    personal jurisdiction.  In short, while Google is headquartered in California, IXI has no contacts

10    with California other than another lawsuit involving unrelated patents that was involuntarily

11    transferred to California from New York.[10]

12    ## IV.    CONCLUSION

13    For the above stated reasons, IXI respectfully requests the Court grant its Motion to

14    Dismiss, or in the alternative, transfer this matter to the Eastern District of Texas.

15    Dated:  August 29, 2016                              HOPKINS & CARLEY
                                                          A Law Corporation
16

17

18                                                       By:  */s/ John V. Picone III*
                                                              John V. Picone III
19                                                            Jennifer S. Coleman
                                                              Christopher A. Hohn
20                                                            Attorneys for Defendants
                                                              IXI MOBILE (R&D), LTD., and IXI IP, LLC

21

22

23

24

25

26

27

28

[10] In that case, there were third-party inventors located in the Northern District of California. That is not the case here, where the sole inventor is located in New Jersey.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

MEMORANDUM OF LAW ISO DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, TRANSFER VENUE                5:16-CV-04173-LHK