UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., <br><br> Plaintiff, <br><br> v. <br><br> IXI MOBILE (R&D) LTD., et al., <br><br> Defendants. | Case No.16-CV-04173-LHK <br><br> **ORDER DENYING DEFENDANDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND ADDRESSING SEALING MOTIONS** |

Plaintiff Google Inc. ("Plaintiff") sues Defendants IXI Mobile (R&D) Ltd. and IXI IP, LLC (collectively, "Defendants") for declaratory judgment of non-infringement of United States Patent No. 7,552,124 ("the '124 Patent"). Defendants have filed a motion to dismiss for lack of personal jurisdiction. ECF No. 25. Plaintiff has also filed an administrative motion to file under seal portions of the complaint, ECF No. 4, and an administrative motion to file under seal portions of its opposition to Defendant's motion to dismiss and related exhibits, ECF No. 26.

The parties have informed the Court that Plaintiff has filed a Petition for *Inter Partes* Review ("the Petition") of the '124 Patent with the United States Patent & Trademark Office ("PTO"). The parties jointly request a stay of this case until the PTO either denies institution of

1

the petition on all claims or provides a final written decision on any instituted claims. The Court intends to grant the parties' request for a stay and will do so in a separate order. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED without prejudice.

The Court has reviewed Defendant's motions to file under seal portions of the complaint and portions of its opposition to Defendant's motion to dismiss and related exhibits. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the

2

Case No. 16-CV-04173-LHK
ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND ADDRESSING SEALING MOTIONS

merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each

1  document or portion thereof that is sought to be sealed," as well as an "unredacted version of the
2  document" that "indicate[s], by highlighting or other clear method, the portions of the document
3  that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).
4      Here, as discussed above, Plaintiff moves to file under seal portions of the complaint, ECF
5  No. 4, and portions of Plaintiff's opposition to Defendants' motion to dismiss and related exhibits,
6  ECF No. 26. Plaintiff's complaint and Plaintiff's opposition to Defendant's motion to dismiss are
7  each more than tangentially related to the merits of the case. Plaintiff must therefore satisfy the
8  "compelling reasons" standard discussed above. *See Kamakana*, 447 F.3d at 1178–79 (9th Cir.
9  2006). With this standard in mind, the Court rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Ruling** |
|---|---|---|
| ECF No. 4 | Complaint | DENIED. Plaintiff's supporting declaration attached to its motion to file portions of the complaint under seal states that Plaintiff "does not maintain a claim of confidentiality over any portion of the Complaint," but that Plaintiff understands that Defendants or their agents may consider the information confidential. ECF No. 4-1, at 1–2. Neither Defendants nor any third parties have submitted supporting declarations for the designated material. Moreover, the information sought to be sealed discusses Defendants' efforts to obtain licenses from Plaintiff and other third parties. This information is not confidential and does not meet the "good cause" or "compelling reasons" standards for sealing. |

Case No. 16-CV-04173-LHK
ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND ADDRESSING SEALING MOTION**S**

| Motion to Seal | Document to be Sealed | Ruling |
|---|---|---|
| ECF No. 26 | Plaintiff's Opposition to Defendants' Motion to Dismiss | DENIED as to Pages 1–3; 7, 9–12, 18–19, and 23. Plaintiff states that it does not maintain a claim of confidentiality over this material but that Defendants or their agents may consider the information confidential. Neither Defendants nor any third parties have submitted supporting declarations for the designated material. Moreover, the information sought to be sealed discusses Defendants' efforts to obtain licenses from Plaintiff and other third parties. This information is not confidential and does not meet the "good cause" or "compelling reasons" standards for sealing.<br><br>DENIED as to Page 5, lines 22–25. This information is related to Plaintiff's business and is substantially the same as information provided in the unredacted material on the same page. Plaintiff has accordingly not shown "good cause" or "compelling reasons" for sealing this information.<br><br>GRANTED as to the rest because the information relates to the confidential organization of Plaintiff's business and locations of Plaintiff's data centers and servers, the disclosure of which could cause competitive harm to Plaintiff. |
| ECF No. 26 | Declaration of Robyn Harding, Ex. 15. | GRANTED. The exhibit contains confidential information relating to the organization of Plaintiff's business and the locations of Plaintiff's data centers and servers, information that could cause competitive harm to Plaintiff if disclosed. |
| ECF No. 26 | Correspondence relating to Defendants' patent enforcement efforts, Ex. 6. | DENIED. Plaintiff states that it does not maintain a claim of confidentiality over this material but that Defendants or their agents may consider the information confidential. Neither Defendants nor any third party have submitted supporting declarations for this material. Moreover, the information sought to be sealed discusses Defendants' efforts to obtain licenses from Plaintiff and other third parties. This information is not confidential and does not meet the "good cause" or "compelling reasons" standards for sealing. |

5

Case No. 16-CV-04173-LHK
ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND ADDRESSING SEALING MOTIONS

| Motion to Seal | Document to be Sealed | Ruling |
|---|---|---|
| ECF No. 26 | Copy of Motions to Transfer Venue filed by defendants in related case in the Eastern District of Texas, Ex. 16 | GRANTED. These motions were filed under seal in the related case and contain the same confidential information discussed above as relating to exhibit 15. |
| ECF No. 26 | Declarations submitted in support of the Motions to Transfer Venue filed in the Eastern District of Texas, Exs. 17–21. | DENIED.  Plaintiff states that it does not maintain a claim of confidentiality over this material but that Defendants or their agents may consider the information confidential.  Neither Defendants nor any third party have submitted declarations in support of sealing this material. Moreover, the information sought to be sealed discusses Defendants' efforts to obtain licenses from Plaintiff and other third parties.  This information is not confidential and does not meet the "good cause" or "compelling reasons" standards for sealing. |

**IT IS SO ORDERED.**

Dated:  October 11, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-04173-LHK
ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND ADDRESSING SEALING MOTION**S**